UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON BLAKE,<br><br>    Plaintiff,<br><br>    v.<br><br>ROSEMARY NDOH,<br><br>    Defendant. | Case No. 3:19-cv-06227-WHO<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Gordon Blake seeks federal habeas relief under 28 U.S.C. § 2254 from his state conviction and sentence. Summary dismissal of his petition is not warranted. Accordingly, respondent shall file an answer or a dispositive motion in response to the petition within 60 days of the date of this order, unless an extension of time is granted.

**BACKGROUND**

According to the petition, in 2014 Blake was convicted in Contra Costa County Superior Court of multiple counts of lewd and lascivious conduct involving four minor victims. He was sentenced to a prison term of 194 years to life. Blake's attempts to overturn his conviction in state court were unsuccessful, and this federal habeas petition followed.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28

U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Blake alleges: (i) he was denied Due Process by the pre-accusation delay, which allowed the original statute of limitations to run on the counts pertaining to three victims; (ii) he was denied Due Process to notice because of the vagueness in the charging document and the fourth victim's inconsistent accounts; and (iii) appellate counsel rendered effective assistance. Liberally construed, these allegations state claims for relief. Respondent must file a response.

## CONCLUSION

1. The Clerk shall mail a copy of this order, the petition, and all attachments to respondent and respondent's counsel, the Attorney General of the State of California.

2. Within 60 days, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within 60 days, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: March 6, 2020



William H. Orrick
United States District Judge