UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON BLAKE,<br><br>    Petitioner,<br><br>    v.<br><br>ROSEMARY NDOH,<br><br>    Respondent. | Case No. 3:19-cv-06227-WHO<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 13 |

Before me is respondent Rosemary Ndoh's motion to dismiss Claim I of Gordon Blake's petition for a writ of habeas corpus. Because the constitutional issue in that claim was not exhausted before the state courts, the motion is GRANTED without prejudice. The petition may proceed on the remaining two claims.

## BACKGROUND

This motion concerns a narrow procedural issue. Accordingly, I discuss only those facts relevant to resolving it. Both parties agree on all operative facts.

Blake, who is represented by counsel, was convicted in California state court of committing various lewd and forceable lewd acts on four minors. *See* Points and Authority in Support of the Application for Writ of Habeas Corpus ("Pet.") [Dkt. No. 1-1] 2; Court of Appeal Decision ("COA") [Dkt. No. 13-1] 1–2. He was sentenced to a term of 194 years to life in prison. COA 2. The California Court of Appeal affirmed, *id.* 58, and the California Supreme Court denied a petition for review, Dkt. Nos. 13-2, 13-3. Blake is currently confined at Avenal State Prison. Dkt. No. 1 at 1.

On October 1, 2019, Blake filed his petition in this District. Dkt. No. 1. The case was eventually reassigned to me and I issued an order to show cause requiring Ndoh to answer or file a

responsive motion in March 2020. Dkt. No. 7. After Blake filed a state habeas petition in the California Supreme Court, I granted his motion to stay proceedings. Dkt. No. 10. The California Supreme Court summarily denied the habeas petition in August 2020. Dkt. Nos. 13-3, 13-4. The parties stipulated to, and I approved, a briefing schedule that ended in December 2020. Dkt. No. 12.

Ndoh moves to dismiss Claim I (of three) of the petition for failure to exhaust. That claim argues that Blake's convictions on seven counts relating to three of the minors were unconstitutional. Pet. 22. Those counts depend on a finding of "substantial sexual conduct," here based on masturbation. COA 19.

## DISCUSSION

"The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Claim I of the petition argues that Blake's conviction on the relevant counts violated federal constitutional due process and/or the Ex Post Facto Clause. Pet. 22–25. The core of his argument is that the conduct he was convicted of qualifies as masturbation only under statutory amendments that were enacted after the statute of limitations expired on the charges. Pet. 36. Ndoh moves to dismiss because, she argues, this claim was not properly exhausted before the state courts. *See generally* Motion to Dismiss ("Mot.") [Dkt. No. 13].

Under 28 U.S.C. § 2254(b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." Accordingly, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Satisfying this exhaustion requirement ordinarily requires state prisoners to fairly present their federal legal theories to the

state courts, so that those courts are alerted to the fact that the prisoners are asserting claims under the United States Constitution and thus given the opportunity to correct alleged violations of prisoners' federal rights." *Arrendondo v. Neven*, 763 F.3d 1122, 1138 (9th Cir. 2014) (internal quotation marks and alteration omitted).

There is no dispute about how this issue was and was not brought before the California state courts on direct appeal. Blake did not pursue it in the opening brief of his direct appeal to the Court of Appeal. He did raise it in the *reply* brief in the Court of Appeal. The Court of Appeal, in a footnote, declined to reach the argument, explaining that "[i]t is well settled that new arguments raised for the first time in the reply brief will not be considered out of fairness to the respondent, unless good reason is shown for the failure to present such point earlier." COA 31 n.11. It went on to hold that "defendant proffers no reason at all why we should depart from the general rule, and the contention is forfeited." *Id.* Blake also requested to file a supplemental brief on the issue, but the request was denied. Later, Blake did not raise the issue in his petition for review of this ruling in the California Supreme Court.

Ndoh argues that Blake failed to exhaust his claim. Notably, Blake did raise a separate but related argument about the counts before both courts that the Court of Appeal discussed extensively—namely that his conduct did not qualify as "substantial sexual conduct" under the statute and was, accordingly, time-barred. *See* COA 19.

I agree that Blake did not exhaust this claim because he failed to raise it in the California Supreme Court. *O'Sullivan* held that exhaustion "require[es] state prisoners to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." 526 U.S. at 847. No one disputes that the California Supreme Court ordinarily accepts petitions for discretionary review and, indeed, Blake filed such a petition here. Much of Blake's briefing on this point argues that the claim was properly exhausted in the Court of Appeal. But a "claim [i]s not 'fairly presented' to the California Supreme Court" just because it is "presented . . . to the California Court of Appeal." *Wooten v. Kirkland*, 540 F.3d 1019, 1025 (9th Cir. 2008). There is no need to address whether the claim was adequately raised in the Court of Appeal if it was not raised in the state Supreme Court.

3

Blake makes two arguments in response to this point about exhaustion in the California Supreme Court. First, he contends that "[i]t would have been contemptuous for [counsel] to raise an issue in the Petition for Review which the state court of appeal had ruled defaulted" and counsel "acted under compulsion of state ethical and procedural rules" it not raising it. Response to the Mot. ("Oppo.") [Dkt. No. 16] 7. Blake has identified no rule—certainly not one that would place counsel in contempt—that would have barred *petitioning* the court for review on this ground. The California Rules of Court provide, "*[a]s a policy matter*, on petition for review the Supreme Court *normally* will not *consider* an issue that the petitioner failed to timely raise in the Court of Appeal." CAL. R. OF COURT 8.500(c)(1) (emphasis added). At worst for Blake, then, the petition would have simply been denied (as it was even without that claim). Blake could have petitioned for review both on the substantive constitutional argument and on the Court of Appeal's refusal to entertain the argument or permit supplemental briefing. At the very least, *O'Sullivan* required Blake to present the argument to the California Supreme Court so that it had a chance to take the issue under consideration.

Second, Blake argues that the issue was sufficiently raised in his *habeas* petition in front of the California Supreme Court. Oppo. 8–11. That petition, however, does not raise the issue. Blake nonetheless argues the issue was sufficiently raised because he argued that he was given unconstitutionally *ineffective assistance of counsel* when counsel failed to raise the ex post facto issue on direct appeal.

The Ninth Circuit has rejected this theory. In *Rose v. Palmateer*, the petitioner argued in the federal habeas proceeding that use of a confession and videotaped reenactment of the crime violated his Fifth and Fourteenth Amendment rights. 395 F.3d 1108, 1110 (9th Cir. 2005). The Ninth Circuit held that the claim had not been exhausted. There was no dispute that the claim was not raised on direct appeal. The petitioner argued, as Blake argues here, that the claim was adequately raised in state post-conviction proceedings. *Id.* at 1110–11. That petitioner, also like Blake, did not raise the substantive Fifth or Fourteenth Amendment claims; instead, he argued that he was denied effective assistance of counsel when trial counsel failed to exclude the evidence and appellate counsel failed to appeal that ruling. *Id.* at 1111.

4

In rejecting that argument, the court explained that "petitioners must plead their claims with considerable specificity before the state courts in order to satisfy the exhaustion requirement" and that courts "require a petitioner to articulate the substance of an alleged violation with some particularity." *Id.* Accordingly, it held that "although Rose's Fifth Amendment claim is related to his claim of ineffective assistance, he did not fairly present the Fifth Amendment claim to the state courts when he merely discussed it as one of several issues which were handled ineffectively by his trial and appellate counsel." *Id.* at 1112. An ineffective assistance of counsel claim and the underlying alleged constitutional violation "[w]hile admittedly related, . . . are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts." *Id.*

So too here. As in *Rose*, litigation of Blake's ineffective assistance claim is separate from (though related to) his ex post facto claim. As in *Rose*, it would be possible to resolve the ineffective assistance claim without ruling on the merits of the ex post facto issue: the former requires a petitioner "to show that his counsel's representation fell below an objective standard of reasonableness and that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)) (internal quotation marks and alteration omitted). And as in *Rose*, that claim "could have been rejected regardless of whether [Blake's] Fifth Amendment [or Ex Post Facto Clause] rights were violated." *Id.*

Blake makes several attempts to distinguish this case from *Rose*. He first argues that, in *Rose*, counsel might have had "tactical" reasons to not pursue or appeal the Fifth Amendment claim—for instance because the confession "may include elements of justification or excuse" that would not otherwise be admissible. Oppo. 9. He argues that, consequently, the ineffective assistance claim and the underlying claim were "decoupled." *Id.* Blake speculates that there is no reason that counsel here would *not* include the claims, yet much of Blake's brief is devoted to explaining that counsel chose not to pursue the claim in a petition for review because of worry about "ethical and procedural rules." More importantly, *Rose*'s holding was not, as I read it and other courts in this District have read it, based on the distinction Blake wishes to draw. Although

5

there is some discussion about how the lack of the claim in the post-conviction petition appeared "deliberate," that discussion precedes the core of the court's analysis of whether the issue was "fairly presented." *See id.* (ending the discussion of tactics and holding that "[f]urthermore" the claim was not fairly presented). *Cf. Guerra v. Montgomerry*, No. 19-CV-07165-HSG, 2020 WL 2084896, at *2 (N.D. Cal. Apr. 30, 2020) (interpreting *Rose* to hold that "[a] claim that trial [or] appellate counsel was ineffective for failing to raise a claim in the state courts does not fairly present the underlying claim to the state courts"); *Jaffe v. Brown*, No. C 05-4439 PJH, 2012 WL 5303290, at *5 (N.D. Cal. Oct. 25, 2012) ("[*Rose*] held that claims that trial and/or appellate counsel were ineffective in failing to raise a claim in the state courts do not fairly present the underlying claim to the state courts."); *Robinson v. Miller*, No. C 11-1339 LHK PR, 2012 WL 3156816, at *6 (N.D. Cal. Aug. 3, 2012) (interpreting *Rose* to hold that "a claim of ineffective assistance of appellate counsel does not fairly present the underlying claim to the state court").

Considering his argument liberally, Blake also contends that the fact that his counsel changed so frequently on appeal led to this issue simply being missed. *See* Oppo. 10. That might explain the failure to include the issue in the opening brief at the Court of Appeal, but there is no need to address that question because Blake affirmatively represents that counsel chose not to raise that issue in the petition for review. That, at least, was concededly not a logistical slip up. Additionally, it would not explain the failure to include the issue in the state habeas petition, which was filed *after* this case was.

Blake also relies on two cases that he asserts refused to apply *Rose* to claims like his. Neither case resembles this one or *Rose*. In *Ruiz v. Hall*, the government relied on *Rose* because the petitioner's claim appeared in a "subheading" to a larger argument. 224 F. App'x 567, 568 (9th Cir. 2007). However, "several pages of analysis and citation to develop the factual and legal basis for relief" accompanied the claim. *Id.* As a result, the petitioner's claim was exhausted because it was included in his state appellate briefing. *Id.* Blake also relies on *Hardy v. Maloney*, No. 01-CV-10794-PBS, 2018 WL 1257758 (D. Mass. Mar. 18, 2018), *aff'd*, 909 F.3d 494 (1st Cir. 2018). There, the petitioner alleged four grounds for ineffective assistance of counsel in federal habeas proceedings but had "raised them in one overarching ineffective assistance of counsel

1 claim in his 2010 state appeal," so the respondent argued they were not exhausted. *Id.*, at *7–*8.
2 That is not a *Rose* issue at all because the grounds were raised. The court dispensed with the *Rose*
3 argument in a brief footnote. *See id.*, at *8 n.12. The issue here is that the California Supreme
4 Court was not presented with the underlying constitutional question.

The exhaustion doctrine fundamentally requires a petitioner to fairly present an issue so that the state courts can resolve it in the first instance. Blake never petitioned the California Supreme Court for review on the issue in Claim I (despite raising it in reply in the Court of Appeal) and did not seek post-conviction relief on it in the California Supreme Court. That court had no opportunity to consider it.

Because there are two remaining claims, Blake may either dismiss this petition and return to state court to exhaust, proceed only on the exhausted claims, or move to stay the petition so that he can exhaust his claims. *See Ford v. Hubbard*, 305 F.3d 875, 882–86 (9th Cir. 2002), *amended*, 330 F.3d 1086 (9th Cir. 2003). In his Opposition, he makes clear that he wishes to proceed on the remaining two claims if the motion is granted. Oppo. 12. He requests leave to amend to omit the claim, but amendment is unnecessary because the claim is now dismissed and the petition contains only exhausted claims that can be addressed. *Rose v. Lundy*, 455 U.S. 509, 520 (1982). If Blake changes his mind and wishes instead to stay this proceeding again to exhaust the claim in state court, a motion to do so must be made by February 15, 2021. This will be Blake's final opportunity to stay the case to exhaust all of his claims. If the case is stayed again and Blake fails to exhaust all of his claims, the amended petition he would file would only proceed on the exhausted claims.

**CONCLUSION**

The motion to dismiss Claim I is GRANTED without prejudice. If Blake wishes to stay this proceeding to exhaust in state court, he must move to do so by February 15, 2021. If no such motion is filed, Ndoh shall file an answer on the remaining claims by April 15, 2021, and Blake shall file a reply by May 15, 2021. If a motion to stay is filed, this schedule will be vacated. The

parties may also file a stipulated proposed order with a different briefing schedule.

**IT IS SO ORDERED.**

Dated: January 18, 2021

William H. Orrick
United States District Judge